IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JEREMY W. BENZ**,

    Plaintiff,

    v.

**WEST LINN PAPER COMPANY**,

    Defendant.

No. 3:10-cv-519-ST

OPINION AND ORDER

**MOSMAN, J.**,

On June 20, 2011, Magistrate Judge Stewart issued her Findings and Recommendation ("F&R") [32] in the above-captioned case recommending that I grant the defendant's motion for summary judgment [17]. Plaintiff filed objections [34], and the defendant responded [35]. I adopt the F&R as my own opinion.

## STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or

1 – OPINION AND ORDER

not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Mr. Benz makes two objections to the F&R. First, he objects to the finding that the Family and Medical Leave Act ("FMLA") requires economic damages. Second, he objects to the finding that the West Linn Paper Company (the "Paper Company") was not required to accommodate his alleged disability.

### I.  Economic Damages Are Necessary Under the FMLA

Mr. Benz argues without citation to authority that no economic damages are necessary under the FMLA. Objections [34] 3. Economic damages are required under the FMLA. *Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 739–40 (2003) ("[T]he cause of action under the FMLA is a restricted one: The damages recoverable are strictly defined and measured by actual monetary losses."). Because Mr. Benz has presented no evidence that he suffered economic damages from his change in job duties, this claim under the FMLA cannot survive a motion for summary judgment.

### II.  The Paper Company Was Not Required To Accommodate Mr. Benz's Alleged Disability

Mr. Benz argues that the Paper Company discriminated against him based on his throat impairment. This objection attacks three findings in the F&R, any of one of which, standing alone, would support the F&R's conclusion. These findings are (1) that his throat polyps are not a disability under the Oregon Discrimination Act; (2) that there was no causal connection between his throat impairment and his reassignment and termination; and (3) that the Paper Company was unaware of his need to "rest his voice."

2 – OPINION AND ORDER

**A.      *Throat Polyps Are Not a Disability Under the Oregon Discrimination Act***

Mr. Benz argues that the F&R incorrectly determined that his throat impairment did not constitute a disability under Oregon's disability discrimination statutes in place at the time. In determining whether a person is disabled, the F&R properly considered "(i) The nature and severity of the impairment; (ii) The duration or expected duration of the impairment; and (iii) the permanent or long term impact, or expected permanent or long term impact of or resulting from the impairment." 29 C.F.R. § 1630.2(j)(2); *see also* Or. Rev. Stat. § 659A.139(1) (requiring Oregon's disability discrimination statutes to be "construed to the extent possible in a manner that is consistent with any similar provisions of the federal Americans with Disabilities Act of 1990").

Mr. Benz argues in his objections that because he was limited in his ability to speak for several months, he meets the definition of disability. The record shows that from as early as January to August of 2008, from mid-November to December of 2008, and from late March to late April of 2009, Mr. Benz suffered from a hoarse or "weird" voice and had difficulty sleeping. The F&R correctly concluded that this is not enough to constitute disability under the law in place at the time. *See Becerril v. Pima Cnty, Assessor's Office*, 587 F.3d 1162, 1164 (9th Cir. 2009) (per curiam) ("Becerril is not substantially limited in speaking because she is limited only in talking constantly, for a long time, and under stress. . . . She has produced no evidence besides conclusory assertions on how her impairment substantially limits her seeing or sleeping. And though her pain and grogginess limited her thinking and concentrating at times when she was working, Becerril has not raised a genuine issue of material fact on whether her intermittent symptoms substantially limited her ability to think and concentrate not just at work but outside of work as well."); *see also Fraser v. Goodale*, 342 F.3d 1032, 1044 (9th Cir. 2003), *cert. denied*, 541 U.S. 937 (2004) (finding intermittent inability to think was not a disability); *Sanders v. Arneson Prods., Inc.*, 91 F.3d 1351,

3 – OPINION AND ORDER

1353–54 (9th Cir. 1996) (finding psychological impairment lasting four months was not a disability).

### B.  *Causal Connection Between Throat Impairment and Termination*

Mr. Benz claims he was terminated and given different responsibilities because of his throat impairment and his use of leave. "[W]hen evidence to refute the defendant's legitimate explanation is totally lacking, summary judgment is appropriate even though plaintiff may have established a minimal *prima facie* case based on a *McDonnell Douglas* type presumption." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890–91 (9th Cir. 1994).

The only evidence Mr. Benz has presented to prove a causal connection is the timing of the events. In contrast, the record shows a remarkable amount of patience in light of Mr. Benz's poor performance and misbehavior. *See* F&R [32] "Facts" Section, Parts II.C, G; III.B, C, D, E, F, H; V.A.; VI.A, C, E. These continuous and costly incidents of misbehavior and poor performance provide a legitimate explanation for Mr. Benz's termination. They also explain why Mr. Benz was disciplined the day he returned from surgery: he had used expletives in an argument with a coworker during his last shift then walked off the job hours before his shift ended. Mr. Benz has not refuted this evidence, so summary judgment is appropriate.

### C.  *There Is No Evidence That the Paper Company Was Aware Of His Need to Rest His Voice*

Mr. Benz argues that the Paper Company failed to accommodate his throat impairment. Objections [34] 5.

An employer generally does not have a duty to accommodate an employee until the employee asks. *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1188 (9th Cir. 2001). The exception to this general rule arises "only when the employer (1) knows that the employee has a disability, (2) knows, or has reason to know, that the employee is experiencing workplace problems because of

4 – OPINION AND ORDER

the disability, and (3) knows, or has reason to know, that the disability prevents the employee from requesting a reasonable accommodation." *Id.*

Mr. Benz does not argue that he meets this standard; instead, he argues that a facsimile sent by his doctor put the Paper Company on notice—in effect, he argues that his doctor acted as his agent in requesting the accommodation. After Mr. Benz's third surgery, Dr. Zamudio sent a facsimile to the Paper Company indicating that Mr. Benz could return to work on May 18, 2009, and recommending that he "focus on voice rest" until his next appointment. But Mr. Benz admits that he did not know he had any medical restrictions when he returned to work, which belies any claim that Dr. Zamudio was acting as his agent.

It is not clear what Mr. Benz believes the Paper Company should have done. When Mr. Benz returned to work the Paper Company asked him whether he could do the repulper job and abide by his medical restrictions. Mr. Benz responded that he could. Oregon law prohibits an employer from "mak[ing] inquiries of an employee as to the nature or severity of any disability of the employee, unless the examination or inquiry is shown to be job-related and consistent with business necessity." Or. Rev. Stat. § 659A.136. After asking Mr. Benz if he could do the job of a repulper, it is not clear what else his supervisors might have legally asked.

Because Mr. Benz did not request an accommodation, and, in fact, denied the need for an accommodation when asked by his supervisors, the Paper Company is entitled to summary judgment as a matter of law.

D.    *Conclusion*

Because each of these three findings—that he was not disabled, that there was no casual connection between his impairment and his termination, and that he denied the need for accommodation—is sufficient to support the F&R's conclusion that the Paper Company did not violate Oregon's disability discrimination statutes, Mr. Benz's objections fail.

5 – OPINION AND ORDER

## CONCLUSION

Upon review, I ADOPT Judge Stewart's F&R [32] as my own opinion, and I GRANT the motion for summary judgment [17].

IT IS SO ORDERED.

DATED this   19th   day of July, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

6 – OPINION AND ORDER